# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GENE R. BABCOCK, JR., | ) |
| | ) |
| Plaintiff, | ) Cause No.: |
| | ) |
| v. | ) |
| | ) |
| SHERIFF JOHN D. LAKIN, | ) |
| in his official capacity, | ) |
| | ) JURY TRIAL DEMANDED |
| and | ) |
| | ) |
| SGT. MICHAEL L. HARE, SR., | ) |
| in his individual capacity, | ) |
| | ) |
| and | ) |
| | ) |
| DEPUTY BRANDON D. REICHARDT, | ) |
| in his individual capacity, | ) |
| | ) |
| and | ) |
| | ) |
| DEPUTY JORDAN E. GRIFFIN, | ) |
| in his individual capacity, | ) |
| | ) |
| and | ) |
| | ) |
| DEPUTY MILLER, | ) |
| in his individual capacity, | ) |
| | ) |
| and | ) |
| | ) |
| HUGHES LOCHARD, M.D., | ) |
| in his individual capacity, | ) |
| | ) |
| and | ) |
| | ) |
| NURSE JANE DOE, | ) |
| in her individual capacity, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT PURSUANT TO 42 U.S.C. SECTION 1983 FOR VIOLATION OF CIVIL RIGHTS PROTECTED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which Plaintiff Gene R. Babcock, Jr. (hereinafter "Plaintiff") seeks relief for violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 and by the United States Constitution, including its Fourteenth Amendment. Plaintiff seeks damages, both compensatory and punitive, an award of costs and attorneys' fees, and such other and further relief as the Court deems equitable and just.

**JURISDICTION**

2. This action is brought pursuant to the Constitution of the United States, including its Fourteenth Amendment, and pursuant to 42 U.S.C. § 1983. Jurisdiction is conferred upon this Court by 42 U.S.C. § 1983 and 28 U.S.C. § 1331 and 1343(a)(2), (3), and (4), this being an action seeking redress for the violation of Plaintiff's constitutional rights.

**VENUE**

3. Venue is proper for the United States District Court, Southern District of Illinois, pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to this claim occurred in this District.

**JURY TRIAL DEMANDED**

4. Plaintiff demands a jury trial for every claim pleaded herein.

**PARTIES**

5. Plaintiff is a citizen and resident of the United States, and was a resident of the State of Illinois at all relevant times.

6. Defendant Sheriff John D. Lakin ("Sheriff Lakin") is the duly elected sheriff of Madison County, Illinois and is the policymaker of the Madison County Sheriff's Department

and Madison County Jail.  Sheriff Lakin is named herein in his official capacity.

7. Defendant Sgt. Michael L. Hare, Sr. ("Sgt. Hare") is a Madison County Deputy Sheriff and serves as jail staff for the Madison County Jail and at all times relevant herein acted under color of law.  Sgt. Hare is named herein in his individual capacity.

8. Defendant Deputy Brandon D. Reichardt ("Deputy Reichardt") is a Madison County Deputy Sheriff and serves as jail staff for the Madison County Jail and at all times relevant herein acted under color of law.  Deputy Reichardt is named herein in his individual capacity.

9. Defendant Deputy Jordan E. Griffin ("Deputy Griffin") is a Madison County Deputy Sheriff and serves as jail staff for the Madison County Jail and at all times relevant herein acted under color of law.  Deputy Griffin is named herein in his individual capacity.

10. Defendant Deputy Miller ("Deputy Miller") is a Madison County Deputy Sheriff and serves as jail staff for the Madison County Jail and at all times relevant herein acted under color of law.  Deputy Miller is named herein in his individual capacity.

11. Upon information and belief, Defendant Hughes Lochard, M.D. ("Dr. Lochard") is an independent contractor or employee of an unknown entity that is contracted to provide medical services to detainees in the Madison County Jail.  At all times relevant herein, Dr. Lochard acted under color of law.  Dr. Lochard is named herein in his individual capacity.

12. Upon information and belief, Defendant Nurse Jane Doe ("Nurse Doe") is either employed by Madison County or is an independent contractor or employee of an unknown entity that is contracted to provide medical services to detainees in the Madison County Jail.  At all times relevant herein, Nurse Doe acted under color of law.  Nurse Doe is named herein in her individual capacity.

## FACTS APPLICABLE TO ALL COUNTS

13. Plaintiff had a total hip replacement in 2016 and revision surgery to replace failed hardware related to his prosthetic hip in 2018.

14. Plaintiff was arrested by the Madison County Sheriff's Department late in the evening on March 16, 2019.

15. Plaintiff was subsequently booked into the Madison County Jail at approximately 2:07 a.m. on March 17, 2019.

16. Plaintiff was placed in a large holding cell with other detainees. The holding cell had a concrete ledge around its perimeter but no beds or cots for the detainees.

17. Upon his arrest and booking, Plaintiff told the Madison County Sheriff's Deputies and jail staff about his prosthetic hip and requested a blanket to use in the holding cell, but Plaintiff's requests were ignored.

18. Plaintiff was left in the holding cell throughout the overnight hours and well into the day on March 17, 2019.

19. In the evening of March 17, 2019, Plaintiff attempted to lay down on the concrete ledge in the holding cell when his prosthetic hip became dislocated.

20. Plaintiff began screaming in pain and notified jail staff that his prosthetic hip had become dislocated.

21. At approximately 8:05 p.m. on March 17, 2019, Deputy Griffin radioed Sgt. Hare to request assistance with Plaintiff in the holding cell.

22. Sgt. Hare, assisted by Deputies Griffin, Reichardt and Miller, put Plaintiff into a wheelchair.

23. As the deputies were putting Plaintiff into the wheelchair, one of the deputies

deliberately raised Plaintiff's leg causing Plaintiff to endure additional pain.

24. Plaintiff continued to scream in pain due to his dislocated hip while the deputies responding to the holding cell made fun of Plaintiff and ordered him to "shut up."

25. The deputies then took Plaintiff to the infirmary, and Sgt. Hare contacted Dr. Lochard about Plaintiff's condition.

26. Dr. Lochard instructed Sgt. Hare to give Plaintiff two (2) Tylenol tablets and a bag of ice. Dr. Lochard also instructed Sgt. Hare to lay Plaintiff down until he could be seen by the nursing staff the following morning.

27. Sgt. Hare and Deputy Miller gave Plaintiff the Tylenol tablets and then placed Plaintiff in a cell.

28. Plaintiff requested to be seen by a doctor, but the deputies told Plaintiff that he would not be seen by a doctor unless he had a life-threatening condition.

29. In the morning on March 18, 2019, Plaintiff was seen by Nurse Doe. Nurse Doe told Plaintiff that there was nothing she could do for him.

30. At approximately 5:00 p.m. on March 18, 2019, Plaintiff was released on a recognizance bond.

31. Upon his release, Plaintiff was taken by ambulance to Alton Memorial Hospital.

32. Plaintiff arrived at Alton Memorial Hospital at approximately 6:30 p.m. on March 18, 2019.

33. Alton Memorial Hospital did not have orthopedic coverage on March 18, 2019, so Plaintiff had to be transferred by ambulance to Barnes-Jewish Hospital.

34. Plaintiff arrived at Barnes-Jewish Hospital at approximately 12:30 a.m. on March 19, 2019.

35. Plaintiff had a successful hip reduction surgery and was discharged from Barnes-Jewish Hospital at approximately 2:00 p.m. on March 19, 2019.

## COUNT I
## DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED

36. Plaintiff hereby restates and realleges the allegations contained in Paragraphs 1 through 35 above as if more fully set forth herein.

37. Plaintiff's dislocated artificial hip constitutes a serious medical condition that caused Plaintiff to endure significant pain and prevented Plaintiff from ambulating.

38. Defendants Sgt. Hare, Deputy Reichardt, Deputy Griffin, Deputy Miller, Dr. Lochard, and Nurse Doe were deliberately indifferent to Plaintiff's serious medical condition in that despite Plaintiff's pain and inability to ambulate, Defendants refused to provide Plaintiff with medical treatment.

39. Defendants' deliberate indifference to Plaintiff's serious medical need caused Plaintiff to endure unnecessary pain and suffering which constitutes punishment without due process of law in violation of Plaintiff's Fourteenth Amendment Rights.

40. Such rights were well-established at the time of Plaintiff's detention.

41. Defendants' deliberate indifference to Plaintiff's serious medical condition is the result of an official policy set by Sheriff Lakin, or in the alternative, pursuant to a custom or practice known and acquiesced by Sheriff Lakin that is pervasive, longstanding, and has the force of law.

42. Defendants' actions, or lack thereof, were willful and intentional and taken with an evil motive or reckless indifference to Plaintiff's rights thereby justifying the award of punitive damages against Defendants.

43. Defendants' actions were taken under color of law.

6

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants Sgt. Hare, Deputy Reichardt, Deputy Griffin, Deputy Miller, Dr. Lochard, and Nurse Doe for damages under 42 U.S.C. § 1983 for Plaintiff's pain and suffering resulting from Defendants' violation of Plaintiff's Fourteenth Amendment rights, for damages for Plaintiff's psychological and emotional injuries, for punitive damages; and for attorneys' fees as provided by 42 U.S.C. § 1988; and for such other and further relief as the Court deems just and proper in the circumstances.

## COUNT II
## MONELL LIABILITY AGAINST DEFENDANT SHERIFF LAKIN

44. Plaintiff hereby restates and realleges the allegations contained in Paragraphs 1 through 43 above as if more fully set forth herein.

45. Upon information and belief, at all times relevant herein, Sheriff Lakin was the person with final authority to establish policies at the Madison County Jail.

46. At all times relevant herein, Sheriff Lakin was acting under color of State law.

47. Sheriff Lakin has established an official policy and/or acquiesced to an unofficial custom of withholding medical care from detainees unless they are facing a life-threatening situation.

48. Sheriff Lakin's policy and/or custom was the moving force behind Plaintiff's injuries and damages.

49. Sheriff Lakin's policy and/or custom is motivated by evil intent or callous indifference to Plaintiff's federally protected rights thereby justifying an award of punitive damages against Sheriff Lakin.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant Sheriff Lakin for damages under 42 U.S.C. § 1983 for Plaintiff's pain and suffering resulting from

Defendant Sheriff Lakin's violation of Plaintiff's Fourteenth Amendment rights, for damages for Plaintiff's psychological and emotional injuries, for punitive damages, and for attorneys' fees as provided by 42 U.S.C. § 1988; and for such other and further relief as the Court deems just and proper in the circumstances.

                                                Respectfully Submitted,

                                                s/ Bryon E. Hale
                                                Bryon E. Hale  #6310918
                                                Attorney for Plaintiff Gene R. Babcock, Jr.
                                                Barklage, Brett, & Hamill, P.C.
                                                211 North Third Street
                                                St. Charles, Missouri 63301
                                                (636) 949-2120 - Telephone
                                                (636) 949-8786 - Facsimile
                                                bhale@barklage-brett.com