IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GENE R. BABCOCK, Jr., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-00268-JPG |
| | ) |
| JOHN D. LAKIN, | ) |
| MICHAEL L. HARE, Sr., | ) |
| BRANDON D. REICHARDT, | ) |
| JORDAN E. GRIFFIN, | ) |
| DEPUTY MILLER, | ) |
| HUGHES LOCHARD, | ) |
| and JANE DOE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter is now before the Court on a Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule (12)(b)(6)") filed by Defendants Michael L. Hare, Sr., Brandon D. Reichardt, Jordan E. Griffin, Deputy Miller, and Jane Doe. (Doc. 15). These defendants seek dismissal of the individual capacity claim against them in Count 1. (*Id.*). For the reasons set forth below, the motion is **DENIED**.

### Background

Plaintiff Gene Babcock, Jr., filed this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred during his brief detention at Madison County Jail ("Jail"). (Doc. 1). According to the allegations in the Complaint, Plaintiff was detained at the Jail from March 16-18, 2019. (Doc. 1, ¶¶ 13-35). During this time, he was denied medical care for a dislocated prosthetic hip and consequently endured significant pain and suffering. (*Id.*).

Plaintiff more specifically alleges that he was arrested on the evening of March 16th and placed in a holding cell with several other detainees after he was booked at 2:07 a.m. on March 17th. (*Id*. at ¶¶ 14-16). The cell had no beds or cots, but it did have a large concrete ledge around its perimeter for sitting and sleeping. (*Id*.). Plaintiff informed the sheriff's deputies and other jail officials that he had a prosthetic hip.[1] (*Id*. at ¶ 13). He requested the use of a blanket to cushion his hip while he slept, but his request was ignored. (*Id*. at ¶ 17). Plaintiff was left in the holding cell overnight and much of the next day. (*Id*. at ¶ 18).

On the evening of March 17, 2019, Plaintiff's hip became dislocated as he attempted to lay down on the concrete ledge. (*Id*. at ¶ 19). He informed jail staff about the dislocation as he screamed out in pain. (*Id*. at ¶ 20). Deputy Griffin contacted Sergeant Hare to request assistance around 8:05 p.m. on March 17, 2019. (*Id*. at ¶ 21). Sergeant Hare and Deputies Griffin, Reichardt, and Miller placed Plaintiff in a wheelchair. (*Id*. at ¶ 22). While doing so, one of the deputies deliberately raised Plaintiff's leg in a manner that caused additional pain. (*Id*. at ¶ 23). When Plaintiff screamed out in pain, the deputies made fun of him and ordered him to "shut up." (*Id*. at ¶ 24). They transported him to the infirmary to see Dr. Lochard. (*Id*. at ¶ 25).

Dr. Lochard instructed Sergeant Hare to lay Plaintiff down until he could be seen by nursing staff the following morning. (*Id*. at ¶ 27). The doctor further instructed Sergeant Hare to give Plaintiff two Tylenol tablets and a bag of ice for pain. (*Id*. at ¶ 26). When Sergeant Hare and Deputy Miller laid Plaintiff down in a cell and gave him the Tylenol tablets, he asked to be seen by the doctor instead. (*Id*. at ¶¶ 27-28). The deputies told Plaintiff that he would not be seen by a doctor unless he had a life-threatening condition. (*Id*. at ¶ 28). When Nurse Doe met with Plaintiff the following morning, she told him there was nothing she could do for him. (*Id*. at ¶ 29).

---

[1] Plaintiff underwent a total hip replacement in 2016 and revision surgery in 2018 to replace failed hardware in his prosthetic hip. (*Id*. at ¶ 13).

Plaintiff was released on a recognizance bond around 5:00 p.m. on March 18, 2019. (*Id*. at ¶ 30). Upon his release, he was taken to Alton Memorial Hospital for treatment. (*Id*. at ¶ 31). Because the hospital had no orthopedic coverage when he arrived, Plaintiff was transported by ambulance to Barnes-Jewish Hospital around 12:30 a.m. on March 19, 2019. (*Id*. at ¶¶ 32-34). He underwent hip reduction surgery and was released the same day. (*Id*. at ¶ 35).

Represented by counsel, Plaintiff filed a Complaint against the defendants pursuant to 42 U.S.C. § 1983 on March 8, 2021. (Doc. 1). On March 10, 2021, the Court reviewed the Complaint and entered an Order stating that Plaintiff articulated a Fourteenth Amendment due process claim in Count 1 against all defendants, except Sheriff Lakin, for denying him adequate medical care for his dislocated hip and a Fourteenth Amendment due process *Monell* claim in Count 2 against Sheriff Lakin for instituting a policy, custom, or practice at the Jail of withholding medical care from detainees who are not suffering from life-threatening illness.[2] (Doc. 4).

### Rule 12(b)(6) Motion to Dismiss

In lieu of an answer, Sergeant Hare, Deputy Reichardt, Deputy Griffin, Deputy Miller, and Nurse Jane Doe filed the instant motion to dismiss the individual capacity claim in Count 1 against them. (Doc. 15). Defendants collectively argue that Plaintiff did not set forth sufficient allegations to show each individual defendant's personal involvement in any deliberate indifference to Plaintiff's medical needs. (*Id*. at 4). They specifically take issue with paragraphs 17, 23, 24, and 28, which refer to "deputies" collectively, and paragraph 20, which refers to "jail staff" generically. (*Id*.). Sergeant Hare, Deputy Reichardt, Deputy Griffin, Deputy Miller, and Nurse Jane maintain that these references are too vague to state a claim against any particular individual, so they request dismissal of Count 1 against each of these defendants. (*Id*. at 5-6).

---

[2] The Complaint was screened pursuant to 28 U.S.C. § 1915A, assuming he was a "prisoner" as defined in 28 U.S.C. § 1915(c). Section 1915A review was not necessary, but also caused no harm, if he was not.

**Response**

In his Response, Plaintiff points to numerous other paragraphs in the Complaint where each defendant is referenced. (Doc. 19, pp. 4-6). Plaintiff argues that these allegations, taken together with the allegations set forth in paragraphs 17, 20, 23, 24, and 28, establish a plausible claim of deliberate indifference to a serious medical need against each individual defendant. (*Id.*). Plaintiff asks this Court to dismiss the pending motion to dismiss. (*Id.*).

**Legal Standard**

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") is to decide the adequacy of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In order to survive a Rule 12(b)(6) motion to dismiss, the complaint must allege enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff is not required to set forth detailed factual allegations in support of his claims, but he must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 570. When considering a motion to dismiss filed pursuant to Rule 12(b)(6), the Court must accept well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

**Discussion**

Plaintiff brings his claim in Count 1 against the defendants pursuant to the Fourteenth Amendment Due Process Clause. (Doc. 1 at ¶ 1). The Fourteenth Amendment prohibits all forms

of punishment of a pretrial detainee. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). In order to articulate a claim for the denial of medical care in this context, a detainee must establish that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda v. Cty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018). Negligence and gross negligence do not support a claim under the Fourteenth Amendment. *Id*. at 353.

In the pending motion and response, the parties refer to the Eighth Amendment standard of "deliberate indifference" applicable to medical claims brought by convicted persons, but this standard does not govern Count 1. According to the Complaint, the less stringent Fourteenth Amendment due process standard applies because Plaintiff was a detainee when the claim arose.[3] Given this, the allegations must simply articulate a plausible claim against each defendant for acting "purposefully, knowingly, or perhaps even recklessly" and in an "objectively unreasonable" manner when responding to Plaintiff's medical needs, in order to survive the pending motion to dismiss under Rule 12(b)(6).

When analyzing Count 1 under the Fourteenth Amendment standard, the Court is satisfied that the allegations articulate a claim against each individual defendant. Plaintiff describes Sergeant Hare as "jail staff" for Madison County Jail during the relevant time period. (Doc. 1, ¶ 7). He describes Deputies Reichardt, Griffin, and Miller as "Madison County Sheriff's Deput[ies]" and "jail staff" at all relevant times. (*Id*. at ¶¶ 8-10). He goes on to allege that upon

---

[3] If Plaintiff was an "arrestee" during the relevant time period, a legal status that is generally defined as the brief time period between a warrantless arrest and a judicial determination of probable cause, then the Fourth Amendment actually governs this claim. *Currie v. Chhabra*, 728 F.3d 626, 630 (7th Cir. 2013). Under the Fourth Amendment standard, the test is whether the "state actor's response to [the arrestee]'s medical needs was objectively unreasonable" and "caused the harm of which [the arrestee] complains." *Id*. at 631 (citing *Ortiz v. City of Chicago*, 656 F.3d 523, 530 (7th Cir. 2011) (discussing factors that inform a Fourth Amendment analysis)).

his arrest and booking, Plaintiff told "Madison County Sheriff's Deputies and jail staff" about his prosthetic hip and also requested a blanket at that time, but his requests were ignored. (*Id*. at ¶ 17). When he later dislocated his hip, Plaintiff screamed out to "jail staff" to notify them of his injury, and "Deputy Griffin radioed Sgt. Hare." (*Id*. at ¶ 21). Then, "Sgt. Hare, assisted by Deputies Griffin, Reichardt, and Miller, put Plaintiff in a wheelchair." (*Id*. at ¶¶ 22-23). When one of these deputies raised Plaintiff's leg in a manner that caused him to cry out in more pain, "the deputies responding" at the time "made fun of Plaintiff and ordered him to 'shut up.'" (*Id*. at ¶ 24). Plaintiff continued screaming in pain. (*Id*.). "Sgt. Hare and Deputy Miller gave Plaintiff Tylenol tablets and then placed him in a cell," but they subsequently "told Plaintiff that he would not be seen by a doctor unless he had a life-threatening condition." (*Id*. at ¶ 28). He was then left in a cell without additional medical care overnight. And, when Nurse Jane Doe saw him the next morning, she told Plaintiff there was "nothing she could do for him." (*Id*. at ¶ 29). These allegations suggest that the specific individuals identified as "Sgt. Hare" and "Deputies Reichardt, Griffin, and Miller" were the deputies and/or jail staff who engaged in knowing and objectively unreasonable conduct when telling Plaintiff to "shut up" as he screamed in pain from a dislocated hip and then denying him treatment with a doctor because his condition was not life-threatening. Similarly, the allegations articulate a plausible claim against Nurse Jane Doe under the Fourteenth Amendment standard for providing him with no treatment at all when she told him there was nothing she could do to treat him the morning after he dislocated his hip.

The allegations in the Complaint must be viewed in context. A plaintiff pleads a claim when he or she sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. When

6

read together, the allegations cited by the defendants and the plaintiff articulate claims against each of the defendants at this stage.  Count 1 thus survives Defendants' Motion to Dismiss.

### Disposition

**IT IS ORDERED** that the Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Michael L. Hare, Sr., Brandon D. Reichardt, Jordan E. Griffin, Deputy Miller, and Jane Doe (Doc. 15) is **DENIED**.  Count 1 will proceed against Defendants Michael L. Hare, Sr., Brandon D. Reichardt, Jordan E. Griffin, Deputy Miller, and Jane Doe in their individual capacities, and these defendants shall file a timely answer or other responsive pleading to the Complaint (Doc. 1) on or before **February 22, 2022**.  *See* FED. R. CIV. P. 12(a)(4)(A).

**IT IS SO ORDERED**.

**DATED: 2/7/2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**